**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAY 2 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS AMAYA-PINEDA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 21-609 <br><br> Agency No. A208-169-505 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 13, 2023
San Francisco, California

Before: S.R. THOMAS and KOH, Circuit Judges, and RAKOFF, District Judge.[**]

Luis Amaya-Pineda petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge ("IJ")'s denials of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a). We review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

legal questions de novo and the BIA's factual determinations for substantial evidence. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We deny the petition in part and grant and remand in part for proceedings consistent with this disposition.

1. With respect to Amaya-Pineda's asylum and withholding claims, the BIA assumed without deciding that Amaya-Pineda's family was a cognizable particular social group. However, the BIA concluded that Amaya-Pineda failed to establish that his membership in his family constituted either "one central reason for" his claimed persecution, as required for asylum, 8 U.S.C. § 1158(b)(1)(B)(i), or "a reason" for his claimed persecution, as required for withholding of removal, *Barajas-Romero v. Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017). Instead, the BIA sustained the IJ's finding that the reason Amaya-Pineda was extorted and threatened with violence by a criminal gang was simply because "the gang members . . . wanted money."

Ample evidence supports the agency's factual finding that the putative persecutors were motivated by money rather than animus. However, this does not end the inquiry, because the facts as recounted by the BIA plainly demonstrate that Amaya-Pineda's membership in his family was "at least one central reason" that the 18th Street gang targeted him, as opposed to some other individual. 8 U.S.C. § 1158(b)(1)(B)(i). Specifically, the BIA found that "[t]he gang members also explicitly told [Amaya-Pineda] they were extorting him because they knew he had family members in the United States who could pay." Thus, "the attackers'

2

words themselves evidence that they were motivated, at least in part, by [Amaya-Pineda's] [family] status . . . and not solely by criminal opportunism." *Ali v. Ashcroft*, 394 F.3d 780, 786 (9th Cir. 2005).

Although this evidence plainly supports the inference that Amaya-Pineda's membership in his family was "at least one central reason" he was targeted, the BIA instead treated it as undermining the asserted nexus between his membership in his family and his persecution claim. That was error. To the extent Amaya-Pineda was targeted—as the BIA found he was—because gang members knew he had family in the United States, that tends to show Amaya-Pineda's membership in his family was "at least one central reason" he was targeted. 8 U.S.C. § 1158(b)(1)(B)(i). "Because we hold that the BIA erred in determining that [Amaya-Pineda] had not met the 'central reason' standard required for asylum, it necessarily follows that the BIA erred in determining [he] had not met the standard for withholding." *Kaur v. Garland*, 2 F.4th 823, 833 n.7 (9th Cir. 2021). Accordingly, the BIA's legal conclusion that there was no nexus between Amaya-Pineda's claim of persecution and his membership in his family was erroneous. We therefore grant this aspect of the petition and remand for the agency to consider in the first instance whether Amaya-Pineda's proposed particular social group is cognizable, and whether the other elements of his asylum and withholding of removal claims are satisfied. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1144 (9th Cir. 2021).

2.      However, we deny the petition with respect to Amaya-Pineda's

3

claim for CAT relief because he has failed to demonstrate any error in the BIA's conclusion that he had not established El Salvador's acquiescence to any torture Amaya-Pineda might face if removed. To the contrary, the BIA reasonably concluded that the evidence that several of Amaya-Pineda's assailants were investigated and arrested soon after their assault of Amaya-Pineda undermined any inference of acquiescence. To be sure, no charges were ultimately brought, but "[e]vidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014). Further, as the BIA noted, the failure to bring charges may have owed to Amaya-Pineda's own departure, which deprived any prosecution of the key witness. And, other than this failure to bring charges, Amaya-Pineda failed to point to any evidence that the Salvadoran government actually acquiesced in torture by gangs; to the contrary, the BIA noted evidence that El Salvador's government has sought to prevent gang violence, even if its efforts have not always achieved success. As such, we deny the petition with respect to Amaya-Pineda's CAT claim.

**PETITION FOR REVIEW DENIED IN PART AND GRANTED IN PART; REMANDED.**